2003 OK CR 24

**Veronica CORONADO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2002–718.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 2003.

Publication Ordered Nov. 10, 2003.

Jeffrey Fischer, Tulsa, OK, attorney for appellant at trial.

Russell Anderson, Tulsa, OK, attorney for the state at trial.

Stuart Southerland, Tulsa, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### SUMMARY OPINION

STRUBHAR, Judge:

¶ 1 Appellant, Veronica Coronado, was convicted of Trafficking in Illegal Drugs in the District Court of Tulsa County, Case No. CF–2001–4931. The jury trial was held before the Honorable Jefferson D. Sellers. The jury assessed punishment at ten years imprisonment and imposed a fine of $25,000.00. The trial court sentenced Appellant accordingly.

¶ 2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we reverse. In reaching our decision, we considered the following proposition of error and determined this result to be required under the law and the evidence:

1. The search of Appellant's person was in violation of the Fourth and Fourteenth Amendments of the United States Constitution, as well as Article II, § 30 of the Oklahoma Constitution. The contraband seized as a result of the search and seizure must be suppressed.

### DECISION

¶ 3 The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. The Supreme Court, in *Terry v. Ohio*, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968), held that if an officer is justified in believing that an individual whose suspicious

behavior he is investigating at close range is armed and presently dangerous to the officer or to others, the officer may take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm. However, before the officer can legally conduct a self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous. *Id.* 392 U.S. at 27, 88 S.Ct. at 1883. *See also Loman v. State,* 1991 OK CR 24, ¶ 17, 806 P.2d 663, 667. It is only when an officer is justified in believing that the individual whose behavior he is investigating at close range may be armed and dangerous that he may conduct a limited protective search for concealed weapons. *Terry,* 392 U.S. at 30, 88 S.Ct. at 1884. The requirements articulated in *Terry* are not limited to pat-down searches for weapons but have also been applied to situations such as the one presented here where the officer asked the individual to lift her shirt. *See United States v. Baker,* 78 F.3d 135, 137–38 (4th Cir.1996).

■ ¶ 4 In the present case, Trooper Humdy articulated no particular facts from which he reasonably inferred that Appellant was armed and dangerous. Rather, the record indicates that Trooper Humdy conducted a weapons search of Appellant merely as a matter of course. This is an overt violation of the Fourth Amendment's protection from unreasonable searches.

■ ¶ 5 Appellant also asserts that once Trooper Humdy had completed his visual search and assured himself that she was not armed, he had no authority to seize the package. Appellant is correct. According to the record before this Court, the only thing the trooper was sure of after he saw the brick shaped object was that it was not a weapon. The record makes clear that the identity of the contents of the package was not immediately apparent to this trooper. Thus, even if he had viewed it legally, he had no authority to seize it without a warrant. *Minnesota v. Dickerson,* 508 U.S. 366, 375–76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993).

¶ 6 Under the facts of this case, Appellant was subjected to a search and seizure that violated her rights under the Fourth Amendment and the evidence obtained therefrom should have been suppressed.

¶ 7 The Judgment and Sentence of the trial court is **REVERSED** with instructions to **DISMISS.**

JOHNSON, P.J. and CHAPEL, J.: concur.

LILE, V.P.J. and LUMPKIN, J. concur in result.